1811.

Noland
vs
Ringgold

JUNE.

NOLAND vs. RINGGOLD.

To enable the assignee to maintain a suit in his own name on a promissory note, against the maker, it is essential that the words "or order," or "bearer," or words equivalent, should be inserted in the note; and no notes are within the statute for the purpose of assignment, but such as are made payable to A B, or order, or bearer. The words *or order*, or *bearer*, are of no importance in a suit brought by the payee.
The act for the amendment of the law (1809, *ch.* 153,) does not take in this case, although there may be other counts in the declaration, besides that upon the note, which are good.

APPEAL from *Washington* County Court. This was an action of *assumpsit*, brought by the endorsee (now appellant,) against the maker, (now appellee,) on the following promissory note:

"$2500.                              *Baltimore,* 10th July, 1801.

Sixty days after date I promise to pay to *Simon Wilmer*, No. 28 Cheapside, *Baltimore*, twenty-five hundred dollars, for value received.

*Saml. Ringgold.*"

Thus endorsed, "*S. Wilmer.*"

The declaration contained, besides a count upon the note, counts for money lent and advanced, for money had and received, and for money laid out and expended. The general issue was pleaded; and at the trial sundry bills of exceptions were taken on the part of the defendant, to the opinions of the court, and a verdict given in favour of the plaintiff. The defendant moved the court in arrest of judgment, and among other reasons assigned, one was because it did not appear that the note, set forth in the declaration, was a negotiable note, and that therefore the plaintiff was not entitled to support an action thereon in his own name. The county court arrested the judgment, and the plaintiff appealed to this court.

The cause was argued before CHASE, Ch. J. and POLK, NICHOLSON, EARLE, and JOHNSON, J.

*W. Dorsey* and *Taney,* for the Appellant, contended, 1. That the note was a negotiable note under the statute of 3 and 4 *Anne, ch.* 9, and that *Wilmer* had a right to endorse it so as to enable the holder to bring the suit thereon in his own name. They referred to that statute, and to *Smith vs. Kendall,* 1 *Esp. Rep.* 231. *Burchell vs. Slocock,* 2 *Ld. Raym.* 1545 *Moore vs. Page, Ca. temp. Talb.* 288. *Kyd on Bills,* 63, 64. *Brown vs. Harraden,* 4 *T. R.* 148; and *Chitty on Bills,* 165. 2. That there being several counts in the declaration, besides that on the note, all defects are cured by the act of 1809, *ch.* 153, for the amendment of judicial proceedings.

*T. Buchanan,* for the Appellee, cited *Smith vs. Kendall,* 6 *T. R.* 123. *Evans's Ess.* 139, 126. *Downing vs. Backenstoes,* 3 *Caine's Rep.* 137. *Lex. Mer.* 41. *Dawkes vs. De Lorane,* 3 *Wils.* 211. *Hill vs. Lewis,* *Salk.* 132, 133. *Gerard vs. La Coste,* 1 *Dall. Rep.* 194. *Chitty on Bills,* 59, 60, 90. 91. *Josselyn vs. Ames,* 3 *Mass. Rep.* 275; and *Barriere vs. Nairac,* 2 *Dall. Rep.* 249.

CHASE, Ch. J. delivered the opinion of the court. The court are of opinion, that to enable the assignee to maintain a suit in his own name, on a promissory note against the maker of the note, it is essential that the words "*or order,*" or "*bearer,*" or words equivalent, should be inserted in the note.

Prior to the statute of 3 & 4 *Ann, ch.* 9, no suit could be maintained on a promissory note, as *such,* by the payee against the maker. In *assumpsit* to recover money due on a promissory note, the plaintiff must have set forth the consideration for which it was given; and the plaintiff, although he could give the note in evidence, could not entitle himself to a recovery without proving the consideration on which it was given. Lord *Holt* resisted frequent attempts, which were made, to declare on the note as such, and to make it evidence without proving the consideration, and his persevering in that opinion is supposed to be the cause of enacting the statute of 3 & 4 *Ann, ch.* 9.

That statute contains two provisions—The first empow-ers the payee to sue on the note, and makes it sufficient evidence to support his action without proving the consideration. The words of the statute are, "the money mentioned in such note shall be construed to be *by virtue thereof* due and payable to the person to whom the same is made payable." The second provision empowers the assignee to sue in his own name if the note is made payable to A B, or order, or bearer. The insertion of those words makes the note transferrable, by giving authority to the payee to assign it. A note of hand being a chose in action, is assignable only under the statute, and no notes are within the statute for the purpose of assignment, but such as are made payable to A B, or order, or bearer.

The words *or order*, or *bearer*, are of no import or signification as to a suit brought by the payee, because as to him, the only thing essential was the enabling him to sue on the note, and to make it evidence without further proof.

All the cases which have been cited are suits by the payee, or the administrator or executor of the payee, against the maker, in which the courts decided the notes were within the statute—because as to him it was of no consequence whether the note was assignable or not. The case of *Burchell vs. Slocock*, 2 Ld. Raym. 1545, was a suit by the administrator of the payee against the maker, and the court decided the note was within the state, although not made payable to order, or bearer, and very rightly, for the reasons the court have suggested. The court know of no case in which it has been determined that an assignee can maintain a suit in his own name against the maker, on a note in which those words are not inserted.

The court are of opinion, that the act of assembly of November 1809, *ch.* 153, does not take in this case.

JUDGMENT AFFIRMED.